# United States Bankruptcy Court

## Northern District of Alabama, Eastern Division

| | | |
|---|---|---|
| In re: } | | |
| JOHN DAVID POWELL, } | CASE NO. | 03-44086-JSS-7 |
| } | | |
| Debtor. } | CHAPTER | 7 |
| ---------- | | |
| ROCCO J. LEO, Trustee of the Estate } | | |
| of John David Powell, } | | |
| } | | |
| Plaintiff, } | | |
| v. } | A.P. NO. | 04-40297 |
| } | | |
| CLAYTON J. POWELL, SHIRLEY L. } | | |
| POWELL, DONALD M. POWELL, } | | |
| WILLIAM B. POWELL, and THE } | | |
| CLAYTON J. POWELL AND } | | |
| SHIRLEY L. POWELL IRREVOCABLE } | | |
| GRANDCHILDREN'S TRUST, } | | |
| } | | |
| Defendants. } | | |

## MEMORANDUM OPINION

This Adversary Proceeding comes before the Court on the Motion for Summary Judgment (the "Motion") filed by Defendants Clayton J. Powell, Shirley L. Powell, Donald M. Powell, William B. Powell and The Clayton J. Powell and Shirley L. Powell Irrevocable Grandchildren's Trust (collectively "Defendants"). This Adversary Proceeding was brought by Trustee Rocco J. Leo (the "Trustee") seeking authorization for the sale and division of the Powell Family Limited Partnership (the "Partnership"), of which Defendants are general and limited partners[1], or the sale of the personal

---

[1] Debtor John David Powell a limited partner of the Powell Family Limited Partnership as well, but is not a Defendant in this case.

property held by the Partnership, under 11 U.S.C. § 363(h) or, alternatively, under the procedures for partition set forth in Ala. Code § 35-6-20 *et seq*.(1975).[2]

In Count One of the Complaint, the Trustee seeks an Order allowing him to sell the Partnership as a whole, free and clear of the Defendants' interests, pursuant to Section 363(h) of the Bankruptcy Code[3] and allowing Defendants to realize their proportional share of the proceeds after costs and expenses of the sale.

In Count Two, the Trustee alternatively brings a state law partition action, seeking an Order, pursuant to Ala. Code § 35-6-20 *et seq*. (1975), authorizing the sale of all the Partnership stock or shares free and clear of any other parties' ownership and dividing the sale proceeds among Defendants according to their respective interests and awarding him attorney's fees.

In Count Three, the Trustee seeks an Order authorizing the sale of the personal property[4] of the partnership pursuant to Bankruptcy Code Section 363(h).

---

[2] Trustee also brought a claim, in Count Five of his Complaint, for dissolution of the Partnership under Ala. Code § 10-9B-802, asserting that it was no longer practicable to carry on the business of the Partnership in conformity with the Partnership Agreement. Trustee states in his Response that he seeks to dismiss this Count of the Complaint. At the hearing on the Motion, the Trustee stated that there are no facts to support a judicial dissolution of the Partnership and the parties have agreed to file a Stipulation of Dismissal. As of the date of this Opinion, the parties have not filed a Stipulation of Dismissal of Count Five. There are no issues of material fact in dispute and the Trustee concedes that there are no grounds to support judicial dissolution of the Partnership. As such, the Court does not see the need for discussion. As the Plaintiff intends to dismiss this Count, it will be included in the Order entered contemporaneously herewith. .

[3] Unless otherwise noted, any reference to a "Section," is in reference to a section of the Bankruptcy Code, Title 11 of the United States Code.

[4] Trustee does not seek to partition the real property held by the Partnership in Counts Three and Four.

In Count Four, Trustee seeks an Order authorizing the sale of the personal property of the Partnership pursuant to Ala. Code § 35-6-20 *et seq*. (1975), and dividing the sale proceeds among Defendants according to their respective interests and awarding him attorney's fees.

In support of their Motion for Summary Judgment, Defendants rely on the Depositions of Donald M. Powell, William B. Powell and Clayton J. Powell, including the Certificate of Limited Partnership for Formation of Powell Family Limited Partnership.

In opposition to the Defendants' Motion for Summary Judgment, Trustee has filed a Response to Defendants' Motion for Summary (the "Response"), and relies on the Depositions of Donald M. Powell, William B. Powell and Clayton J. Powell, including the Partnership Agreement, the Transcript of the Rule 2004 Examination of John David Powell and Exhibits thereto, the Responses of Clayton J. Powell to Plaintiff Trustee's First Interrogatories, the Responses of Clayton J. Powell to Plaintiff Trustee's Request for Admissions, and the Affidavit of Rocco J. Leo (the "Affidavit").

This Court now renders its findings of fact and conclusions of law as set forth in this Memorandum Opinion in accordance with Fed. R. Bankr. P. 7056, *applying* Fed. R. Civ. P. 56.

**JURISDICTION**

Pursuant to 28 U.S.C. §§ 157(a), 1334(a), 1334(e), and the Standing Order of Reference in the Northern District of Alabama (Ord. Ref. (N. D. Ala. July 17, 1984)), this Court has original and exclusive jurisdiction to hear and determine all cases under Title 11. Counts One and Three of this adversary proceeding are brought pursuant to 11 U.S.C. § 363(h), and the order of reference in this case has not been withdrawn; thereby, in accordance with 28 U.S.C. § 157(b)(1), this Court possesses original and exclusive jurisdiction to determine Counts One and Three.

Counts Two, Four and Five are brought pursuant to Ala. Code § 35-6-20 *et seq*. (1975) and Ala. Code § 10-9B-802 (1975). The Trustee, as successor in interest to Debtor, is the holder of a limited partnership interest in the Partnership. The partnership interest is property of the estate under 11 U.S.C. § 541(a), and the determination of the rights and remedies with respect to that property arise under a case under Title 11 and concerns the administration of the estate. Accordingly, pursuant to 28 U.S.C. § 157(b)(1), this Court possesses jurisdiction to determine Counts Two, Four and Five of Trustee's Complaint.

In accordance with 28 U.S.C. § 157(b)(2)(A), this Adversary Proceeding constitutes a core proceeding in which this Court is empowered to enter appropriate orders and judgments. Venue of this Adversary Proceeding is proper and has not been challenged. *See* 28 U.S.C. § 1409(a). Thereby, subject matter, in personam, and in rem jurisdiction are proper in this Court.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Bankruptcy Procedure 7056(c), *applying* Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056(c), *applying* Fed.R.Civ.R. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The burden rests on the moving party to clearly establish the absence of a genuine issue as to any material fact. *See Celotex,* 477 U.S. at 323.

# FACTUAL BACKGROUND

Defendants, along with Debtor, executed the Certificate of Limited Partnership for Formation of Powell Family Limited Partnership (the "Partnership Agreement") on December 29, 1997, and together hold one hundred percent of the general and limited partnership units. Pursuant to the Partnership Agreement, Clayton J. Powell and Shirley L. Powell, parents of the Debtor, are the general partners of the Partnership. Clayton J. Powell owns three general partnership units and Shirley L. Powell owns two general partnership units. Clayton J. Powell and Shirley L. Powell are also two of the six limited partners of the Partnership, each owning five limited partnership units. The remaining limited partners are: Donald M. Powell and William B. Powell, both brothers of Debtor John D. Powell; Debtor John D. Powell; and, The Clayton J. Powell and Shirley L. Powell Irrevocable Grandchildren's Trust (the "Grandchildren's Trust"). Donald M. Powell, William B. Powell and Debtor John D. Powell each own fifteen limited partnership units and the Grandchildren's Trust owns forty limited partnership units. Each unit of the Partnership represents the interest of the partner and corresponds to that partner's percentage ownership of the Partnership.

Under the terms of the Partnership Agreement, the term of the Partnership is fifty years, unless it is sooner terminated because of the dissolution by operation of law or by the written consent of a majority of the partners. An individual capital account is maintained for each partner and the profits and losses of the partnership are divided among and charged to the capital accounts of the partners according to their proportional ownership. The general partners have full charge of the management, conduct and operation of the Partnership, and no limited partner may participate in the management of the Partnership.

In 1998 Clayton J. Powell and Shirley L. Powell transferred stocks with a market value of $1,127,369.00 at the time of transfer, and cash in the amount of $150,000.00 to the Partnership. The Partnership now owns: a diversified portfolio of securities; three condominium units in Auburn, Alabama; life insurance policies; and, a 2003 Lincoln Navigator, which Clayton J. Powell uses, in part, for the management of the Partnership. The complete current financial records of the Partnership were not provided to the Court, but the Trustee estimates that a fifteen percent proportional share of the Partnership assets is worth in excess of $300,000.00. Based on the Trustee's estimate the Partnership now holds assets in excess of $2,000,000.00.

On April 24, 1999, April 11, 2000 and May 2, 2001, Donald M. Powell, William B. Powell and Debtor John D. Powell each received $5,000.00 distributions from the Partnership. On the same days, The Grandchildren's Trust received distributions of $11,274.00, $19,635.00 and $6,367.00 respectively. The remainder of the distributions from the Partnership, totaling $220,000.00, were made to Clayton J. Powell at various times between 1998 and 2004.

Debtor John D. Powell filed for Chapter 7 relief in this Court on October 30, 2003. Rocco J. Leo was appointed as Trustee of Debtor's bankruptcy estate and succeeds to Debtor's fifteen percent limited interest in the Partnership. At the time of Debtor's bankruptcy filing, the partners of the Partnership all held the respective units they were assigned in the Partnership Agreement. The Trustee does not challenged the existence, validity or property ownership of the Partnership. These facts are undisputed.

**DISCUSSION AND ANALYSIS**

Defendants state, in their brief, that the Trustee holds only the Debtor's limited partnership interest in the Partnership itself, not any interest in the Partnership's property directly. As such, the Defendants assert that the Trustee has no right to force a sale of the Partnership itself or the assets of the Partnership under bankruptcy or state law. Defendants state that the applicable law on the subject requires that the Court make a distinction between the Trustee's ability to liquidate the Debtor's ownership interest in the Partnership, and his ability to liquidate the Partnership as a whole or the Partnership's property. While the former is certainly permitted under applicable law, Defendants assert that the latter is not.

**I. The Trustee's Ability to Force a Partition and Sale under Section 35-6-20 *et seq*. of the Code of Alabama**

The Trustee brings Counts Two and Four pursuant to the procedure for partition under Alabama State Law set forth in Section 35-6-20 *et seq*. of the Alabama Code. Alabama Property Rights and Remedies gives an overview of partition actions as follows:

> Partition is the method used to terminate joint tenancies and co-tenancies in property by division of the interest. Partition may be voluntary or it may be effected by judicial action at the instance of one or more of the joint tenants or co-tenants. When partition takes place, each joint tenant or co-tenant takes title to a specific portion of the property separately. . . . In some cases, it is not possible to equitably divide or partition property. One or more of the joint tenants or co-tenants may then make an action to sell for division by purchase of the other interests.

Alabama Property Rights and Remedies § 11.1 (3d. ed. 2004).

Case 04-40297-JJR    Doc 45    Filed 04/20/05    Entered 04/20/05 10:25:10    Desc Main
Document      Page 7 of 20

The right of partition has been codified in Alabama, in one form or another, since at least 1896. *See Colby-Hinkley Co. v. Jordan*, 41 So. 962 (Ala. 1906) (citing Ala.Code. § 3161 (1896)).

**A. Whether the Partnership is Incapable of Equitable Division**

In Count Two of his Complaint, the Trustee seeks to partition the Partnership as a whole under Ala. Code § 35-6-20 *et seq*. (1975). The party seeking partition must prove that the property is incapable of equitable division. *See Brown v. Bateh*, 331 So. 2d 671 (Ala. 1976). The property in which the Trustee has an interest is the Partnership, and he contends that it cannot be equitably divided. Defendants state that this assertion shows that the Trustee misunderstands the nature and purpose of the limited partnership organizational structure. Defendants state that, by definition, the Partnership is capable of being equitably divided into the respective ownership interests of the partners. In fact, Defendants assert that the Partnership was equitably divided at the time the Partnership was formed, at which point the Debtor received his equitable share of fifteen percent. Defendants state that there are no reported cases in Alabama in which the parties sought or obtained, an order under Ala. Code § 35-6-20 *et seq*. (1975), for the sale of either a partnership or a partnership's property. The Court has equally been unable to find any Alabama case law in which a partner has sought partition under Ala. Code § 35-6-20 *et seq*. (1975), or its statutory predecessors. Defendants suggest that the explanation for the lack of case law is that a limited partnership, by its very nature is already equitably partitioned, rendering a sale or partition under Ala. Code § 35-6-20 *et seq*. (1975), unnecessary. An additional reason for the absence of case law on point could be that there is an entirely separate body of law devoted to partnerships and the rights of partners in partnerships under which partners can resolve their disputes and determine their rights to partnership interests and property.

-8-

The Court finds Defendant's arguments persuasive. The interests in the Partnership consist of five general partnership units and ninety-five limited partnership units. The Trustee is the holder of fifteen limited partnership units, representing a fifteen percent interest in the Partnership. The Court can see no possible further division to equitably divide the Partnership. Because the Partnership has already been equitably divided according to the Partnership Agreement and is this not incapable of equitable division, the Trustee fails on Claim Two of his Complaint.

**B. Whether Trustee can Maintain an Action for Partition of the Partnership Property**

In Count Four of his Complaint, the Trustee seeks an Order authorizing the sale of the personal property of the Partnership pursuant to Ala. Code § 35-6-20 *et seq*. (1975). The Trustee does not dispute that the Partnership holds legal title to the personal property he seeks to sell for division. As was the case on the issue of whether the Partnership itself could be partitioned, the case law is scant on whether a partner of a general or limited partner may seek partition of the partnership property. One principle is clear from the case law however: A party may not maintain an action for partition if he is not a co-owner of the property. *See Brown v. Bateh*, 331 So. 2d 671. *Bedsole v. Bedsole*, 133 So. 2d 237 (Ala. 1961); *Ganus v. Sullivan*, 99 So. 2d 204 (Ala. 1957); *Lee v. Lee*, 69 So. 2d 258 (Ala. 1953); *Compton v. Cook*, 66 So. 2d 176 (Ala. 1953). In order to bring an action for partition, the party bringing the action must hold title to the property and have a right to possess the property. *See Mizell v. Walley*, 44 So. 2d 764 (Ala. 1950); *Gaddy v. Mullens*, 112 So. 133 (Ala. 1927); *Fies v. Rosser*, 50 So. 287 (1909).

In *Gaddy v. Mullens*, the Supreme Court of Alabama decided whether a beneficiary of a trust could bring an action for partition and stated:

Case 04-40297-JJR   Doc 45   Filed 04/20/05   Entered 04/20/05 10:25:10   Desc Main
Document      Page 9 of 20

> The legal title [to the subject property] appears to be in the respondent [trustee] G.W. Gaddy, from the undisputed proof by virtue of the deed of trust and active duties to perform thereunder. The fact that complainants are heirs at law of said Nancy Malissa Gaddy, and the sale by the trustee will enure to their benefit, does not alter the proposition that they neither have the legal title nor the immediate right to possession, essential for the maintenance of a bill for sale and division among tenants in common. *Wheat v. Wheat*, 190 Ala. 461, 67 So. 417, and authorities therein cited; 20 R.C.L. 727, 752; and note to *Munson v. Brings*, 146 Wis. 393, 131 N.W. 904. . . . Should the trustee fail to act within a reasonable time, or was otherwise derelict in his duties concerning the trust estate, complaints, as beneficiaries thereunder, would, of course, have a right to apply to a court of equity for appropriate relief. But such is not the case, which is one solely for the sale of the land for division. As neither the legal title nor right to immediate possession rests in complainants, manifestly they cannot maintain this bill.

*Gaddy v. Mullens*, 112 So. 133, 134 (Ala. 1927).

The trustee does not dispute that title to the personal property lies in the Partnership. A limited partner of a partnership "is not a co-owner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." Ala. Code. § 10-8A-501 (1975), *made applicable by* Ala. Code. § 10-9B-1205 (1975). In order to maintain an action for partition, the Trustee must hold title as a co-owner with some other person, which he does not. As such, the Trustee fails on Claim Four of his Complaint.

**II. The Trustee's Power under Bankruptcy Code Section 363(h)**

The Trustee asserts that Section 363(h) gives him the authority to sell either the Partnership as a whole (Count One) or, alternatively, the personal property held by the Partnership (Count Three).

Section 363(h) of the Bankruptcy Code states:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--
> 
> > (1) partition in kind of such property among the estate and such co-owners is impracticable;
> > 
> > (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> > 
> > (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> > 
> > (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

The Trustee asserts in his Complaint that the case at hand meets the requirements of Section 363(h)(1) through (4). The Trustee presented evidence, in the form of his Affidavit, that a sale would meet the requirements of Section 363(h)(2), in that the fifteen percent limited partnership share of the partnership share is worth significantly less than fifteen percent of the property held within the partnership. No reasonable person could dispute this fact based on the lack of

-11-

marketability of this limited partnership interest or the undesirability of minority shares in closely held business entities in general. *See generally* Joseph W. Blackburn, Tax Considerations in Designing Stock Transfer Agreements, 30 Cal. W. L. Rev. 61, 72 (1993) (discussing discounts for lack of marketability and minority discounts); *Moore v. Commissioner*, 62 T.C. 1128 (T.C. 1991) (*stating*: "Courts have long recognized that the shares of stock of a corporation which represent a minority interest are usually worth less than a proportionate share of the value of the assets of the corporation. . . . . Although these cases deal with minority interest in closely held corporations, we see no reason for a different rule for valuing partnership interests in this case." (*citing Estate of Bright v. United States*, 658 F.2d 999 (5th Cir. 1981) (en banc); *Estate of Newhouse v. Commissioner*, 94 T.C. at 249; *Ward v. Commissioner*, 87 T.C. 78, 106 (1986); *Estate of Andrews v. Commissioner*, 79 T.C. 938, 953 (1982); *Estate of de Guebriant v. Commissioner*, 14 T.C. 611, 618 (1950), *revd. on other grounds sub nom. Claflin v. Commissioner*, 186 F.2d 307 (2d Cir. 1951); *Estate of Hooper v. Commissioner*, 41 B.T.A. 114, 129 (1940); *Harwood v. Commissioner*, 82 T.C. 239, 267 (1984), *affd. without published opinion* 786 F.2d 1174 (9th Cir. 1986).

Neither party has suggested that the Partnership property is used "in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power," such that Section 363(h)(4) would apply to prevent the relief requested by the Trustee. 11 U.S.C. § 363(h)(4). With very little evidence, the Trustee meets his burden on Section 363(h)(2) and (4), leaving only the issues of whether "partition in kind of such property among the estate and such co-owners is impracticable" and "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners" 11 U.S.C. § 363(h)(1) and (3).

-12-

Under Section 363(h)(1), the Trustee must prove that "partition in kind of such property among the estate and such co-owners is impracticable." The Trustee, a successor to Debtor, is the holder of fifteen limited partnership units. As discussed above, the Court finds that the property in which the Trustee has an interest is the Partnership itself. This property has already been partitioned into one-hundred general and limited partnership units and no further partition is necessary.

The issue of whether "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners," is more fact intensive, and the Court does not have enough facts before it to make this finding. 11 U.S.C. § 363(h)(3). The Court is not required to address this issue, however, because Section 363(h) is inapplicable to the case at hand.

On its face, Section 363(h) states that it applies to cases "in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." 11 U.S.C. § 363(h). The Debtor did not hold the subject property as a tenant in common, joint tenant, or tenant by the entirety. Rather, Debtor held a limited partnership interest in a limited partnership with Defendants, and this form of ownership is distinct from the forms of ownership listed in Section 363(h).

Of all of the forms of direct or indirect collective ownership of property, Congress chose to list only three forms of tenancies[5]: tenancy in common[6], joint tenancy[7], and tenancy by the entirety.[8]

---

[5] With respect to the ownership of property, Black's Law Dictionary defines a "tenancy," as: "The possession of real or personal property by right or title, esp. under a conveying instrument such as a deed or will." Blacks Law Dictionary 1505 (8th ed. 2004)

[6] "The central characteristic of a tenancy in common is simply that each tenant is deemed to own by himself, with most of the attributes of independent ownership, a physically undivided part of the entire parcel" Thomas F. Bergin & Paul G. Haskell, Preface to Estates in Land and Future

-13-

The fact that Congress listed only three types of co-tenancies, and must of have knowledge of the multitude of forms of ownership in which two or more people can hold a direct or indirect right in property along with others, is telling.

Historically, under Alabama law, "a partner is a co-owner with the other partners and holds the property as a tenant in partnership." *Costa and Head (Birmingham One), Ltd. v. National Bank of Commerce of Birmingham*, 569 So. 2d 360, 364 (Ala. 1990) (citing Ala. Code. § 10-8-72, *repealed and replaced by* Uniform Partnership Act of 1996, Ala. Code. § 10-8A-101 *et seq*.). In their brief, Defendants support the proposition that a partner holds property as a tenant in partnership. The newer Uniform Partnership Act of 1996, however, appears to drop any reference

---

Interests 55 (2d ed. 1984). A tenancy in common is "a tenancy by two or more persons, in equal or unequal sudived shares, each person having an equal right to possess the whole property but with no right of survivorship." Blacks Law Dictionary, 1506 (8th ed. 2004).

[7] A joint tenancy is a "tenancy with two or more coowners who take identical interests simultaneously by the same instrument and with the same right of possession." Blacks Law Dictionary, 1505 (8th ed. 2004). Thomas F. Bergin & Paul G. Haskell, Preface to Estates in Land and Future Interests 55 (2d ed. 1984) states:

> The rules for creation of a joint tenancy are these: The joint tenants must get their interests at the same time. They must become entitled to possession at the same time. The interests must be physically undivided interests, and each undivided interest must be an equal fraction of the whole - e.g. a one third undivided interest to each of three joint tenants.

[8] Thomas F. Bergin & Paul G. Haskell, Preface to Estates in Land and Future Interests 55 (2d ed. 1984) states:

> Where [tenancy by the entirety] is recognized, it may exist only between a husband and a wife. It resembles, in most respects the joint tenancy. The only major difference is that a tenant by the entirety may not destroy the other spouse's right of survivorship by transferring his or her interest to another. . . . Upon the death of a tenant by the entirety, no interest passes, in theory, to the surviving spouse. As was true of the joint tenancy, the survivor's ownership is thought to simply expand to absorb the relinquished ownership of the decedent.

-14-

of a co-tenancy between partners.[9] Similarly, the Alabama Limited Partnership Act of 1997, which is the law governing the Partnership Agreement, has no reference to a co-tenancy among its partners.

With respect to the relation among partners in a limited partnership, the Alabama Limited Partnership Act of 1997 simply states in Section 10-9B-701, that "[a] partnership interest is personal property." The Alabama Limited Partnership Act of 1997, in Section 10-9B-1205, provides that "[i]n any case not provided for in this chapter, the provisions of the Alabama Uniform Partnership Act of 1996 govern." Ala. Code. § 10-9B-1205. The Uniform Partnership Act of 1996 states that "[a] partner is not a co-owner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." Ala. Code. § 10-8A-501. The current Alabama law with respect to the relationship among co-partners suggests a relationship of less magnitude that an actual tenancy. However, accepting the Defendants designation of the partnership interest and giving the Trustee the benefit of the doubt that a general or limited partnership creates any form of co-tenancy to which Section 363(h) might apply, the Court will presume, *arguendo*, that a partner in a partnership is a tenant in partnership with his or her copartners.

The Eleventh Circuit Court of Appeals has given this Court binding precedent on how Section 363(h) must be interpreted. On appeal from the Northern District of Alabama, the Eleventh Circuit held, in *Geddes v. Livingston (In re Livingston)*, that a bankruptcy trustee could not sell a debtor's spouse's remainder interest of survivorship because a "tenancy in common for life with a

---

[9] The Uniform Partnership Act of 1996, with respect to general partnerships, simply states that "[a] partner is not a co-owner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." Ala. Code. § 10-8A-501. The Alabama Limited Partnership Act of 1997, in Section 10-9B-1205, provides that "[i]n any case not provided for in this chapter, the provisions of the Alabama Uniform Partnership Act of 1996 govern.

-15-

cross-contingent remainder in survivorship" is not one of the named tenancies in Section 363(h). *Geddes v. Livingston (In re Livingston)*, 804 F.2d 1219 (11th Cir. 1986).

Interestingly, the tenancy in common for life with a cross-contingent remainder in survivorship is somewhat of an anomaly in Alabama law wherein deeds purporting to grant joint tenancies between July 15, 1965 and November 9, 1972 actually create tenancies in common for life with cross-contingent rights of survivorship. In *Bernhardt v. Bernhardt*, the Alabama Supreme Court held that language in a deed which appears to convey property as joint tenants with rights of survivorship effectively creates a tenancy in common for life with cross-contingent remainders. *Bernhardt v. Bernhardt*, 177 So. 2d 565 (1965). *Brenhard* was later overruled prospectively by *Nunn v. Keith*, 268 So. 2d 792 (1972), thus creating the what is known as the *Bernhard* window, in which tenancies in common for life with cross-contingent remainders were created. *See Livingston*, 804 F.2d at 1222.

The Eleventh Circuit's holding that Section 363(h) only applies to co-owners who hold property as tenants in common, joint tenants, or tenants by the entirety, is clear on its own, but the facts of the case shed more light on this Court's utter lack of ability to interpret the statute to fit these circumstances. In *Livingston,* the Livingstons, husband and wife co-tenants, took title to their home "for and during their joint lives," and likely intended to take title to their property as joint tenants. *Livingston*, 804 F.2d at 1222. Indeed, the court stated that, "[u]pon examining the language of the Livingston deed, it is clear that the parties took the property as joint tenants." *Livingston*, 804 F.2d at 1222. The only obstacle for the trustee to overcome in order to sell the Livingstons' property in fee simple was the *Bernhard* window, which Congress likely did not consider when drafting Section 363(h). In the normal course of events, a joint tenancy and a tenancy in common with a cross-

-16-

contingent right of survivorship are very similar. With both tenancies, the cotenants own the property together for life, and when one cotenant dies the other owns the property in fee simple. The *Livingston* court could have reasonably held that because the Livingstons intended to create a joint tenancy, or because the tenancies are so similar and possess characteristics of both a tenancy in common and joint tenancy, Section 363(h) applies to allow the trustee to sell their property in fee simple. Because the court did not so hold, it is clear that Section 363(h) cannot be applied to any other form of property ownership other than the listed tenancies, regardless of the parties intention or the nature of the tenancy. To be sure, the court specifically stated "[t]he language of the bankruptcy statute is clear and unambiguous in its listing three § 363(h) cotenancies[;] [t]his plain language forces us to the conclusion that the three cotenancies are the only three in which the co-owner's interest may be sold without his consent." *Livingston*, 804 F.2d at 1223.

As in *Livingston*, the Trustee in this case is attempting to use 363(h) to sell the property or interests of those other than the Debtor, without their consent and the type of ownership is not one of the three types listed in Sections 363(h). As stated above, even if the limited partnership interest is a tenancy in partnership, it is not one of the named tenancies in Section 363(h). Accordingly, under *Livingston*, Section 363(h) does not apply to allow the trustee to sell any interest other than the limited partnership interest he holds.

In the event that a limited partnership interest is not a tenancy recognized under Alabama law, it is still clear that it is not one of the named forms of ownership in Section 363(h). The interest cannot be a joint tenancy because the co-partners hold disproportionate shares of the partnership and their interests are not the same.[10] The interest cannot be a tenancy in common because the Trustee's

---

[10] *See* note 7 supra.

-17-

right to possess the partnership property is not equal to that of all of his co-partners, namely general partners Clayton J. Powell and Shirley L. Powell; in fact, it appears that the Trustee has no right to possess any of the partnership property, a fact that likely necessitated this adversary proceeding.[11] Finally, the interest cannot be an tenancy in the entirety because the Trustee and the Defendants are not married.[12] Accordingly, because the Trustee's limited partnership interest is not one of the types of tenancies listed in Section 363(h), the Trustee fails on Counts One and Three of his Complaint.

The great weight of persuasive authority on the subject similarly supports the Court's finding that a partnership interest is not within the scope of 363(h). Defendants cite three principle cases in their brief: *In re Signal Hill-Liberia Avenue Limited Partnership*, 189 B.R. 648, (Bankr. E.D. Va. 1995), in which the court ruled that property owned by a limited partnership in which the debtor was a general partner was not property of the debtor's estate and that the Chapter 11 trustee could not sell such property; *In re Funneman*, 155 B.R. 197, 200 (Bankr. S.D. Ill. 1993), in which the court stated that "[i]t is well settled that assets owned by a partnership are not included in the bankruptcy estate of an individual partner" and that "the only 'partnership property' before the court during an individual partner's bankruptcy is the partner's personal property interest in the partnership;" and *In re Cardinal Industries, Inc*., 105 B.R. 834, 848-49 (Bankr. S.D. Ohio 1989), in which the debtor and general partner of a limited partnership was precluded by the court from utilizing the automatic stay from his personal bankruptcy proceeding to shield the assets of the limited partnership.

In addition to the three principle cases cited by Defendants, the other case law on the subject supports a finding that Section 363(h) does not apply to partnership interests. *See e.g In re Halpern*,

---

[11] *See* note 6 supra.

[12] *See* note 8 supra.

Case 04-40297-JJR   Doc 45   Filed 04/20/05   Entered 04/20/05 10:25:10   Desc Main
Document      Page 18 of 20

229 B.R. 67, 72 n.10 (Bankr.E.D.N.Y. 1999), (stating "[c]ourts have not allowed trustees or debtors to proceed under 11 U.S.C. § 363(h) where, as here, the property is held in a tenancy in partnership 'because tenancy in partnership is a well recognized form of tenancy, [that] Congress would have included [..] among the tenancies expressly covered by the statute if that were the intention."); *In re Manning*, 831 F.2d 205, 207 (10th Cir. 1987)(stating "the reference to property in section 363(h) applies to the bankrupt's one-fifth undivided tenancy in partnership, which is part of the property of the bankrupt's estate[;] [i]t does not authorize the sale of the real property owned by the partnership, since it is not property of the estate."); *Sturman v. Southeast Partners Corp.*, 222 B.R. 694 (Bankr.S.D.N.Y. 1998) (stating "Code § 363(h) only authorizes the sale of interests in property held by tenants in common, joint tenants and tenants by the entirety; [w]hile the statute is silent as to tenants in partnership, it has generally been held that since a tenancy in partnership is a well recognized form of tenancy, Congress would have included it among the tenancies expressly covered by the statute if that had been its intention") (*citing In re Normandin*, 106 B.R. 14, 15 (Bankr. D. Mass. 1989); *In re Manning*, 37 B.R. 755 (Bankr. D. Colo. 1984), *remanded on other grounds*, 831 F.2d 205 (10th Cir. 1987); *In re Victory Pipe Craftsmen, Inc.*, 12 B.R. 822 (Bankr. N.D. Ill. 1981)); *See also* Collier on Bankruptcy 3-363 (15th ed. rev. 2004) (stating "[c]ourts uniformly reject trustees' efforts to use section 363(h) to sell property owned by a partnership in which the debtor is a partner.")

Based on a plain reading of Bankruptcy Code Section 363(h), the binding authority of the Eleventh Circuit Court of Appeals, and the great weight of persuasive authority on the subject, the Court concludes that the Trustee cannot invoke Section 363(h) to sell the Partnership as a whole or

sell any of the property of the Partnership. As there are no disputed issues of material fact, Defendants are entitled to Summary Judgment on Counts One and Three.

**III. Conclusion**

Having determined in Part "I" that the Defendants are entitled to summary judgment on Counts Two and Four of the Complaint, and in Part "II" that Defendants are entitled to summary judgment on Counts One and Three of the Complaint, the Court determines that Defendants have met their burdens of proof and of persuasion that they are entitled to summary judgment in its entirety. The Court finds that the undisputed facts do not support the Trustee's action to sell the Partnership or any property of the Partnership under 11 U.S.C. § 363(h) or Ala. Code § 35-6-20 *et seq*. A separate Order shall be entered consistent with this Memorandum Opinion, pursuant to Fed. R. Bankr. P. 7056, *applying* Fed. R. Civ. P. 56.

Done this 19 April 2005.

/s/ James Scott Sledge

JAMES SCOTT SLEDGE
United States Bankruptcy Judge